IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BASIL BROWN, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1930-M |
| | § | |
| AMANDA CRAWFORD | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Basil Brown and his wife, Yvonne, against their former landlord, Amanda Crawford. On November 19, 2007, plaintiffs tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their pauper's affidavit indicates that they lack the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiffs in order to obtain additional information about the factual basis of this suit. Plaintiffs answered the interrogatories on January 18, 2008. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In March 2006, plaintiffs entered into a lease agreement with defendant for a residence located in Cedar Hill, Texas ("the Cedar Hill property"). The lease ran from March 6, 2006 through April 30, 2007. When plaintiffs allegedly failed to pay their rent in January and February 2007, defendant filed a forcible detainer action in a Dallas County justice court. That action was dismissed because defendant failed to give plaintiffs proper notice to vacate the premises. Four more detainer actions were filed by defendant during the next six months. One case was decided in favor of plaintiffs. Two other cases were voluntarily dismissed by defendant. In the most recent action, filed on August 30, 2007, the justice court ruled in favor of defendant, awarding her $3,800 in unpaid rent and possession of the Cedar Hill property. Plaintiff appealed that ruling to a Dallas County civil court.[1] On November 13, 2007, the county court awarded defendant $5,000 in unpaid rent and possession of the property. Three days later, plaintiffs were served with a final notice to vacate the premises.

Dissatisfied with the outcome of the state court case, plaintiffs now sue defendant in federal district court for violating their civil rights and the Fair Debt Collection Practices Act ("FDCPA"), for breach of contract, and for wrongful eviction. By this suit, plaintiffs seek unspecified money damages and injunctive relief, including an order declaring that defendant is not entitled to possession of the premises or delinquent rent, prohibiting defendant from removing them from the property, and enjoining any further eviction proceedings.

---

[1] Under Texas law, jurisdiction over forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to the county court for a trial de novo. *See Ward v. Malone*, 115 S.W.3d 267, 269 (Tex. App.--Corpus Christi 2003, pet. denied), *citing* Tex. Prop. Code Ann. § 24.004 (Vernon 2000).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

B.

The court initially observes that plaintiffs have failed to state a federal cause of action against defendant. In their complaint, plaintiffs allege that defendant violated their right to due process by filing multiple eviction proceedings and by failing to comply with certain statutory notice requirements. (*See* Plf. Orig. Compl. at 10-14, ¶¶ 56-65). However, only "state actors" may be sued

for federal civil rights violations under 42 U.S.C. § 1983. A private citizen, like defendant, becomes a "state actor" only when her conduct is "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 241 (5th Cir. 1999). A landlord does not act "under color of state law" simply by filing suit against a tenant or by failing to comply with the requirements of a state statute or procedural rule. *See, e.g. Dickerson v. Leavitt Rentals*, 995 F.Supp. 1242, 1250 (D. Kan.), *aff'd*, 153 F.3d 726 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 882 (1999) (landlord who filed forcible detainer action against tenant was not "state actor"); *Wiesner v. 321 West 16th St. Assocs.*, No. 00-CIV-1423, 2000 WL 1191075 at *9-10 (S.D.N.Y. Aug. 22, 2000), *rec. denied*, 2000 WL 1585680 (S.D.N.Y. Oct. 25, 2000) (same); *Schroder v. Volcker*, 646 F.Supp. 132, 135 (D.Colo. 1986), *aff'd*, 864 F.2d 97 (10th Cir. 1988) (same).

Nor have plaintiffs stated a claim against defendant under the FDCPA. This statute provides, in pertinent part:

> [A]ny *debt collector* who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . any actual damage sustained by such person as a result of such failure[.]

15 U.S.C. § 1692k(a)(1). The same statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Defendant, who is a landlord attempting to collect a debt owed by her tenants, does not meet the statutory definition of a "debt collector." *See Menchel v. Daigrepont*, Civ. A. No. 02-3072, 2003 WL 21220022 at *4 (E.D. La. May 19, 2003),

*citing Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) (noting that the term "debt collector" does not include creditors who collect their own debts, unless the creditor uses a name other than his own which would indicate that a third-party is collecting or attempting to collect such debts).

C.

To the extent plaintiffs attempt to challenge the outcome of the state eviction proceedings, her claims are barred by the *Rooker-Feldman* doctrine. A federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1319, 75 L.Ed.2d 206 (1983) (federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). *See also Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts). This jurisdictional bar is not limited to those actions which explicitly seek review of a state court decision. As the Fifth Circuit noted:

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision[.]"

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994), *citing Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 115 S.Ct. 271 (1994). A claim is "inextricably intertwined"

*citing Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997) (noting that the term "debt collector" does not include creditors who collect their own debts, unless the creditor uses a name other than his own which would indicate that a third-party is collecting or attempting to collect such debts).

C.

To the extent plaintiffs attempt to challenge the outcome of the state eviction proceedings, her claims are barred by the *Rooker-Feldman* doctrine. A federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1319, 75 L.Ed.2d 206 (1983) (federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional"); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923). *See also Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (federal courts lack jurisdiction to review, modify, or nullify final orders of state courts). This jurisdictional bar is not limited to those actions which explicitly seek review of a state court decision. As the Fifth Circuit noted:

> A federal complainant cannot circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief. If the district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decision[.]"

*United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994), *citing Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.), *cert. denied*, 115 S.Ct. 271 (1994). A claim is "inextricably intertwined"

with a state court judgment if, in order to find in the plaintiff's favor, the federal court would have to conclude that the state court wrongly decided the issues before it or would otherwise have to void the judgment. *Centifanti v. Nix*, 865 F.2d 1422, 1430 (3d Cir. 1989), *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring). *See also Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002), *cert. denied*, 123 S.Ct. 887 (2003) (applying *Rooker-Felman* to bar federal RICO action); *Ulysses I & Co., Inc. v. Feldstein*, No. 01-CV-3102-LAP, 2002 WL 1813851 at *10 (S.D.N.Y. Aug. 8, 2002), *aff'd*, 346 F.3d 27 (2d Cir. 2003), *cert. denied*, 125 S.Ct. 49 (2004) (same); *Lal v. Borough of Kennett Square*, 935 F.Supp. 570, 576-77 (E.D. Pa. 1996), *aff'd*, 124 F.3d 187 (3d Cir. 1997) (Table).

All of the claims asserted by plaintiffs in their complaint relate to the amount of rent owed to defendant and their entitlement to possession of the Cedar Hill property. Such claims are clearly a collateral attack on the validity of the state court judgment. Because plaintiffs' federal civil rights claims are "inextricably intertwined" with the disposition of the state court action, federal jurisdiction is not proper. *See Thomas v. 5445 Edgewater Plaza Condominium Assoc.*, 210 F.3d 376 (Table), 2000 WL 279666 at *2 (7th Cir. Mar. 13, 2000) (holding that *Rooker-Feldman* doctrine barred federal civil rights claim based on failure to provide proper notice in state forcible detainer action).

## **RECOMMENDATION**

Plaintiffs' complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 29, 2008.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE